UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KELLY RIORDAN                                            JURY TRIAL DEMANDED

v.                                                       CASE NO.  3:12 CV

TANYA MARESCA
CONNEX CREDIT UNION

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Connecticut Creditor's Collection Practices Act ("CCPA"), and the Connecticut Unfair Trade Practices Act.

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Plaintiff is a natural person who resides in Connecticut.

4. Defendant Maresca is an outside processing agency for several banks or financial institutions, d/b/a Repo Lady.

5. Defendant Maresca is not licensed as a consumer collection agency in compliance with chapter 669 Part XII of the Connecticut General Statutes.

6. Plaintiff has an automobile loan account with defendant Connex Credit Union, a state chartered credit union.

7. Beginning on or about January 26, 2012, plaintiff received several threatening messages from Maresca on behalf of Connex, threatening that plaintiff would be arrested, or that her car would be reported stolen, unless she made the back payments and paid Maresca's $425 fee.

8. Maresca claimed that payment of the fee was part of the loan contract.

9. Maresca learned that plaintiff was represented by counsel on January 27, 2012.

10. Maresca said she would continue to call Riordan until the payment was made or the car was turned in.

11. Maresca called Riordan at 10:22 p.m. on January 28, 2012.

12. Connex refused to provide plaintiff with documentation of what she owed.

13. Connex refused to accept a payment in December, 2011, and blocked the account so that plaintiff could not pay.

14. Connex (Wallingford office) refused payment on the morning of January 28, 2012.

15. Connex and Maresca agreed to block the account again on the afternoon of January 28, 2012.

16. Connex placed insurance on the car without plaintiff's knowledge or consent, even though the car had insurance coverage the entire time.

17. After considerable effort and inconvenience, plaintiff was finally able to make the back payments, without the fee, on January 30, 2012.

18. Defendants Connex and Maresca have worked together several times and have insisted on or actually collected the fee charged by Maresca.

19. Defendant Connex is aware of the tactics used by Maresca and ratifies and approves them.

20. Defendant Maresca failed to provide notices required by §1692e(11) or §1692g.

21. In her collection efforts, defendant Maresca violated the FDCPA, § 1692d, -e, -f(1), or -g.

22. Defendant Connex violated the parallel provisions of the CCPA.

23. Both defendants violated CUTPA, causing plaintiff considerable distress,

inconvenience and expense.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such actual, statutory or punitive damages as are permitted by law, including $1,000 statutory damages under the FDCPA against Maresca.

2. Award plaintiff such actual, statutory or damages as are permitted by law, including $1,000 statutory damages under the CCPA against Connex.

3. Award such other and further relief as law or equity may provide, including an injunction against Maresca from attempting to collect any debt without being licensed as a Consumer Collection agency; and an order that defendants disgorge fees unlawfully assessed for Maresca's efforts as a processing agency.

                                    THE PLAINTIFF

                                    *Joanne S. Faulkner*

                                    BY__/s/ Joanne S. Faulkner__
                                    JOANNE S. FAULKNER ct04137
                                    123 AVON STREET
                                    NEW HAVEN, CT 06511-2422
                                    (203) 772-0395
                                    faulknerlawoffice@snet.net